UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD COLLADO,

       Plaintiff,

v.                                Case No. 3:13cv530/LC/CJK

JOHN COLLADO, ALFREDO
LEGUILLU LOPEZ, and
EFRAIN CINTRON GARICA,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

On September 25, 2014, the undersigned entered an order advising plaintiff that it appeared that he had failed to state a viable claim for relief and directing plaintiff to file either a notice of voluntary dismissal or an amended complaint (doc. 8). In the order, the undersigned explained that plaintiff had failed to plead facts establishing a § 1983 claim, as it appeared from plaintiff's complaint that none of the defendants was acting under color of state law when they allegedly deprived plaintiff of property to which plaintiff claims he is entitled. The undersigned further advised plaintiff that he had alleged no facts suggesting a constitutional violation and that, to the extent plaintiff intended to assert a claim under 28 U.S.C. § 1331, plaintiff's complaint still was subject to dismissal because plaintiff had not pled a constitutional

violation or a violation of any federal law or treaty and, instead, appeared to assert only state law claims.  Finally, the undersigned advised plaintiff that he had failed to state a claim under 28 U.S.C. § 1346, which applies only to actions in which the United States is named as a defendant.  The undersigned allowed plaintiff thirty days in which to file either a notice of voluntary dismissal or an amended complaint.

In response to the undersigned's order, plaintiff filed an amended complaint. Plaintiff's amended complaint was virtually identical to plaintiff's initial complaint except that, in his amended complaint, plaintiff asserted claims under 42 U.S.C. § 1981 instead of 42 U.S.C. § 1983.  The court entered another order explaining to plaintiff that § 1981 applies to race discrimination and that plaintiff had not alleged any facts to support such a claim, including that he is a member of a racial minority, that the defendants intended to discriminate against him based on his race, or that the defendants discriminated against him with regard to one of the activities set forth in the statute.  The court noted that plaintiff's amended complaint consisted of a recitation of the language of § 1981 and allegations that the defendants committed various wrongs against him with regard to estate property and again advised plaintiff that he appeared to be asserting state law claims.  Nevertheless, giving plaintiff the benefit of the doubt, the undersigned allowed plaintiff a final opportunity to clarify his allegations in an amended complaint.

Plaintiff filed a second amended complaint (doc. 12).  As with his initial complaint, plaintiff purports to assert a claim under 42 U.S.C. § 1983.  As set forth in the undersigned's previous order, in order to maintain a claim under 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct

deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Plaintiff has failed to plead facts establishing either element. Indeed, it is plain from plaintiff's allegations that none of the defendants was acting under color of state law when they allegedly deprived plaintiff of the property to which he claims he is entitled. Moreover, plaintiff has alleged no facts suggesting a constitutional violation and, instead, complains solely of matters pertaining to estate and property rights.

Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (May 21, 2007) (retiring the negatively-glossed

"no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

Here, plaintiff has had three opportunities to state an actionable claim.  He has failed to do so.  Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for plaintiff's failure to state a claim upon which relief can be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 29th day of July, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 3:13cv530/LC/CJK